UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RONALD WAGONER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | No. 3:17-CV-404-JRG-HBG |
| | ) | |
| GREEN GROGERES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND REPORT AND RECOMMENDATION

This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for consideration of Plaintiff's Application To Proceed *In Forma Pauperis* [Doc. 1]. The undersigned files this Report and Recommendation for the District Judge to whom the case is assigned.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. W.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement that must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins*, 490 U.S. at 339. An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner

cannot because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339. The decision to grant or deny such an application lies within the discretion of the court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Plaintiff's Application to Proceed Without Prepayment of Fees and Plaintiff's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding. The Application to Proceed Without Prepayment of Fees, therefore, is **GRANTED**. The Clerk is **DIRECTED** to file the Complaint without prepayment of costs or fees. *See Gibson*, 915 F.2d at 262-63; *see also Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). The Clerk shall not issue process, however, at this time.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See Neitzke*, 490 U.S. at 325.[1] In the instant matter, the Plaintiff has filed a form "Complaint For Violation of Civil Rights." The handwritten claims or allegations therein are virtually impossible to understand or comprehend and are devoid of any grounds, facts or allegations. It is impossible for the undersigned to determine what is being contended or the facts upon which any "claim" is made or the nature of any "claim" being made. The Plaintiff does allege, on the form, that he did file another lawsuit in federal court "dealing with the same facts involved in this action," that case being No. 3:17-CV-118-TRM-CCS, filed March 30, 2017. Plaintiff says that case is pending; however it was dismissed by District Judge McDonough on May 31, 2017. It does not appear

---

[1] Plaintiff herein is apparently not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. *See United States v. Floyd*, 105 F.3d 274, 276, *superseded on other grounds by Callihan v. Schneider*, 178 F.3d 900 (6th Cir. 1999); *Powell v. Hoover*, 956 F. Supp. 564 (M.D. Pa. 1997).

that Plaintiff's Complaint states any legally cognizable claim under the Constitution or under 42 U.S.C. § 1983 or any other federal statute. The Plaintiff does not appear to state any violation of any federal rights or violation of any constitutional rights. Certainly, none can be deciphered from the pleadings by the undersigned. Finally, the only relief requested by the Plaintiff is "to stop having my cases pending."

Accordingly, it is **RECOMMENDED** that the Complaint be **DISMISSED** under 28 U.S.C. § 1915(e) as frivolous, for failure to state a federal claim upon which relief can be granted, but without prejudice to the Plaintiff's rights to re-file if a federal claim can be properly made. This Complaint lacks any arguable basis for a recovery in Federal Court. *See Neitzke*, 490 U.S. at 325.

This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis.*[2]

                         Respectfully submitted,

                         *Bruce Guyton*
                         United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).